ARNOLD & PORTER KAYE SCHOLER LLP
Jonathan W. Hughes (SBN 186829)
jonathan.hughes@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024
Telephone: 1 415.471.3100
Facsimile: 1 415.471.3400

ARNOLD & PORTER KAYE SCHOLER LLP
Matthew T. Heartney (SBN 123516)
matthew.heartney@arnoldporter.com
John D. Lombardo (SBN 187142)
john.lombardo@arnoldporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: 1 213.243.4000
Facsimile: 1 213.243.4199

ARNOLD & PORTER KAYE SCHOLER LLP
Philip H. Curtis (*pro hac vice*)
philip.curtis@arnoldporter.com
Nancy Milburn (*pro hac vice*)
nancy.milburn@arnoldporter.com
250 West 55th Street
New York, New York 10019-9710
Telephone: 1 212.836.8000
Facsimile: 1 212.836.8689

Attorneys for Defendant BP p.l.c.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF OAKLAND, a Municipal Corporation, and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the Oakland City Attorney,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BP P.L.C., a public limited company of England and Wales; CHEVRON CORPORATION, a Delaware corporation; CONOCOPHILLIPS, a Delaware corporation; EXXONMOBIL CORPORATION, a New Jersey corporation; ROYAL DUTCH SHELL PLC, a public limited company of England and Wales; and DOES 1 through 10,<br><br>　　　　　Defendants. | First Filed Case: 3:17-cv-06011-WHA<br>Related Case: 3:17-cv-06012-WHA<br><br>Case No. 3:17-cv-06011-WHA<br><br>**AMENDED REPLY MEMORANDUM IN SUPPORT OF DEFENDANT BP P.L.C.'S MOTION TO DISMISS FIRST AMENDED COMPLAINTS FOR LACK OF PERSONAL JURISDICTION**<br><br>[Fed. R. Civ. P. 12(b)(2)]<br><br>Date:　　　May 24, 2018<br>Time:　　　8:00 a.m.<br>Courtroom:　12<br><br>Judge: Honorable William H. Alsup |

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation, and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the San Francisco City Attorney DENNIS J. HERRERA,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BP P.L.C., a public limited company of England and Wales; CHEVRON CORPORATION, a Delaware corporation; CONOCOPHILLIPS, a Delaware corporation; EXXONMOBIL CORPORATION, a New Jersey corporation; ROYAL DUTCH SHELL PLC, a public limited company of England and Wales; and DOES 1 through 10,<br><br>　　　　　　　Defendants. | Case No. 3:17-cv-06012-WHA |

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................................................1

I.   THE NINTH CIRCUIT'S "BUT FOR" TEST REQUIRES THE CITIES TO
     SHOW NOTHING SHORT OF "BUT FOR" CAUSATION ...................................................2

     A.   The Controlling Cases Unanimously Require Classic But-For Causation ..................3

     B.   None Of The Cities' Authorities Exercises Or Approves Of Exercising
          Specific Jurisdiction Upon A Lesser Showing Than But-For Causation.....................4

     C.   The Cities May Not Loosen The Constitutionally Mandated Standard For
          Specific Jurisdiction—But-For Causation—By Conflating It With Broader
          Liability Rules .............................................................................................................7

II.  THE CITIES HAVE NOT MET THEIR BURDEN TO SHOW BUT-FOR
     CAUSATION................................................................................................................................9

III. EXERCISING JURISDICTION OVER BP P.L.C. WOULD BE
     UNREASONABLE ...................................................................................................................10

Conclusion .......................................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AT & T Co. v. Compagnie Bruxelles Lambert*,
   94 F.3d 586 (9th Cir. 1996) ................................................................................................ 7, 8

*Ballard v. Savage*,
   65 F.3d 1495 (9th Cir. 1995) .................................................................................................. 9

*Boim v. Holy Land Found. for Relief & Dev.*,
   549 F.3d 685 (7th Cir. 2008) .................................................................................................. 2

*Brackett v. Hilton Hotels Corp.*,
   619 F. Supp. 2d 810 (N.D. Cal. 2008) .................................................................................... 3

*Bristol-Myers Squibb Co. v. Superior Court*,
   137 S. Ct. 1773 (2017) (Opp'n ) ................................................................................ 3, 5, 6, 11

*Corcoran v. CVS Health Corp.*,
   169 F. Supp. 3d 970 (N.D. Cal. 2016) .................................................................................... 9

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ............................................................................................................ 11

*Doe v. Am. Nat'l Red Cross*,
   112 F.3d 1048 (9th Cir. 1997) ................................................................................................ 3

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) ............................................................................................... 3, 4

*Dubose v. Bristol-Myers Squibb Co.*,
   2017 WL 2775034 (N.D. Cal. June 27, 2017) ..................................................................... 5, 6

*Fireman's Fund Insurance Co. v. National Bank of Cooperatives*,
   103 F.3d 888 (9th Cir. 1996) ............................................................................................... 4, 5

*Hendricks v. New Video Channel Am., LLC*,
   2015 WL 3616983 (C.D. Cal. June 8, 2015) .......................................................................... 7

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
   2012 WL 1322884 (C.D. Cal. Apr. 16, 2012) ......................................................................... 2

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
   2010 WL 4386951 (D. Nev. Oct. 29, 2010) ............................................................................ 7

*In re Western States Wholesale Natural Gas Antitrust Litigation*,
    715 F.3d 716 (9th Cir. 2013) ............................................................................................. 4, 5

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984) ................................................................................................................ 6

*Khasin v. R.C. Bigelow, Inc.*,
    2016 WL 4502500 (N.D. Cal. Aug. 29, 2016) ....................................................................... 9

*Langlois v. Deja Vu, Inc.*,
    984 F. Supp. 1327 (W.D. Wash. 1997) .................................................................................. 8

*Lockwood Co. v. Lawrence*,
    77 Me. 297 (1885) .................................................................................................................. 9

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
    647 F.3d 1218 (9th Cir. 2011) ................................................................................................ 7

*Myers v. Bennett Law Offices*,
    238 F.3d 1068 (9th Cir. 2001) ................................................................................................ 3

*Parnell Pharm., Inc. v. Parnell, Inc.*,
    2015 WL 5728396 (N.D. Cal. Sept. 30, 2015) ....................................................................... 8

*People v. Gold Run Ditch & Mining Co.*,
    66 Cal. 155 (1884) .................................................................................................................. 9

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .................................................................................................. 8

*Sullivan v. Ford Motor Co.*,
    2016 WL 6520174 (N.D. Cal. Nov. 3, 2016) ..................................................................... 3, 6

*United Techs. Corp. v. Mazer*,
    556 F.3d 1260 (11th Cir. 2009) ............................................................................................ 10

*Univ. of Tex. S.W. Med. Ctr. v. Nassar*,
    570 U.S. 338 (2013) ................................................................................................................ 2

*Wilden Pump & Engineering Co. v. Versa-Matic Tool Inc.*,
    1991 WL 280844 (C.D. Cal. July 29, 1991) (cited Opp'n ) ................................................... 6

*Woodyear v. Schaefer*,
    57 Md. 1 (1881) ...................................................................................................................... 9

**Other Authorities**

Fed. R. Evid. 801–807 ....................................................................................................................... 9

Restatement of Torts § 431 cmt. a, § 432(1) & cmt. a ....................................................................... 2

Restatement (Second) of Torts ................................................................................................... 2

W. Page Keeton et al., *Prosser and Keeton on Law of Torts* 265 (5th ed. 1984) ................................. 2

- iv -

AMENDED REPLY MEMORANDUM IN SUPPORT OF BP P.L.C.'S MOTION TO DISMISS
FIRST AMENDED COMPLAINTS FOR LACK OF PERSONAL JURISDICTION
Case No. 3:17-cv-06011-WHA; Case No. 3:17-cv-06012-WHA

**Introduction**

This motion puts the Cities to their burden of making a prima facie showing that their claimed property harms would not have existed today if not for the allegedly tortious *in-forum* conduct of BP p.l.c. The amended complaints do not *plead* that required fact, and now the Cities present no evidence —*nothing*—to prove that fact. They present no evidence that BP p.l.c.'s attributed production of fossil fuels in or for the State of California or the United States as a whole was a *necessary* antecedent of the alleged sea-level rise injuries for which they now sue. This failure is fatal to the Cities' attempt to hail this UK parent into California to answer for its indirect subsidiaries' worldwide fossil fuel production.

The only purported causal fact that the Cities *do* proffer is not merely insufficient to meet their burden, but conclusively demonstrates that the necessary but-for connection between their claims and BP p.l.c.'s in-forum conduct does not exist. Specifically, the sole material the Cities offer is an article, itself inadmissible hearsay, that estimates that BP p.l.c.'s *worldwide* fossil fuel production throughout *all of recorded history* contributed "over 2 percent of total atmospheric greenhouse gases" from "industrial sources." (Opp'n at 6.) This stunning admission is as remarkable for what it *is* as for what it is *not*. It is *not*, first of all, relevant to the jurisdictional analysis required by this motion, since it reveals nothing (and purports to reveal nothing) about any contribution BP p.l.c.'s *tortious, in-forum* conduct made to the Cities' claimed injuries. As the Cities must admit, the two-percent estimate looks only at *worldwide* production, not production in the forum; reaches back to the Industrial Revolution, not production during the relevant time frame; and estimates only contributions to *emissions* (and only "industrial" emissions), not to global warming or sea-level rise. Thus, the Cities' only proffered material does not move the needle with respect to their burden of proof because of what it is *not*— evidence that BP p.l.c.'s tortious in-forum conduct was *necessary* to their alleged injuries.

The admission is equally remarkable for what it necessarily implies: namely, that if the same "attribution science" methodology is applied only to *forum* production during the *shorter* time period covered by the Cities' claims (very generously, 1975 forward), BP p.l.c.'s attributed contribution to industrial greenhouse gas emissions is orders of magnitude less than the "all in" two-percent estimate. The Cities do not contest any of this. And of course, even this minuscule percentage would have to be diluted further if run through the Cities' theory for estimating contribution to *global warming* and *sea-*

- 1 -

*level rise*. More than a failure of proof compels granting this motion. The Cities' own admissions furnish every reason to believe that their claimed property harms would have appeared no different today without BP p.l.c.'s forum activities.

Wanting for evidence to link BP p.l.c.'s forum conduct with their claimed injuries, the Cities focus on rewriting the but-for requirement for specific jurisdiction. Most significantly, they argue that purportedly more generous substantive standards of nuisance *liability* should substitute for the but-for test. They cannot. The well-established but-for test is constitutionally mandated. Looser substantive nuisance liability rules may not lower that constitutional floor to expand specific jurisdiction. The Due Process Clause "is made of sterner stuff" than substantive liability rules. *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 2012 WL 1322884, at *9 (C.D. Cal. Apr. 16, 2012).

## I. THE NINTH CIRCUIT'S "BUT FOR" TEST REQUIRES THE CITIES TO SHOW NOTHING SHORT OF "BUT FOR" CAUSATION

Every first-year student of Torts is taught what "but for" causation means: "this standard requires the plaintiff to show 'that the harm would not have occurred' in the absence of—that is, but for—the defendant's conduct." *Univ. of Tex. S.W. Med. Ctr. v. Nassar*, 570 U.S. 338, 346-47 (2013) (quoting Restatement of Torts § 431 cmt. a, § 432(1) & cmt. a). The Restatement (Second) of Torts, which makes but-for causation a generally required element of its substantial factor test, refers to a but-for cause as a "necessary antecedent" of harm; that is, conduct is *not* a but-for cause "if the harm would have been sustained even if the actor had not been negligent." § 432(1). In a case the Cities feature, Judge Posner similarly acknowledges that "[a] 'necessary condition' is another term for a 'but for' cause." *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 695 (7th Cir. 2008). The Supreme Court called it "textbook tort law that an action 'is not regarded as a cause of an event if the particular event would have occurred without it.'" *Univ. of Tex. S.W. Med. Ctr.*, 570 U.S. at 347 (quoting W. Page Keeton et al., *Prosser and Keeton on Law of Torts* 265 (5th ed. 1984)).

Against this apparently universal understanding, the Cities claim the Ninth Circuit chose to name its specific jurisdiction causation standard a "but for" test when in reality it meant that any de minimis connection between forum conduct and harm can be enough. It cannot be.

- 2 -

AMENDED REPLY MEMORANDUM IN SUPPORT OF BP P.L.C.'S MOTION TO DISMISS
FIRST AMENDED COMPLAINTS FOR LACK OF PERSONAL JURISDICTION
Case No. 3:17-cv-06011-WHA; Case No. 3:17-cv-06012-WHA

**A.     The Controlling Cases Unanimously Require Classic But-For Causation**

In both their articulation of the but-for test and how they apply the test to specific facts, cases from this Circuit uniformly require plaintiffs to demonstrate classic but-for causation. The phrasing of the mandate could not be clearer: a plaintiff must show that she "would not have sustained her injury, 'but for' [the defendant]'s alleged misconduct." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051-52 (9th Cir. 1997); *accord Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001) ("but for" test asks "whether plaintiffs' claims would have arisen but for [the defendant]'s contacts with California"); *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001) ("Plaintiffs must show that they would not have suffered an injury 'but for' [the defendant]'s forum related conduct."). This Court described the test in identical terms: a "plaintiff must demonstrate that she would not have been injured but for defendants' conduct directed toward her in the forum." *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 818 (N.D. Cal. 2008).

The Cities do not forthrightly address the *causation* holdings of these and other controlling cases discussed in the motion. Rather, their backhanded discussion of these cases aims to confuse by focusing on irrelevant distinctions in the nature and extent of the defendant's forum activities (that is, evidence pertaining to the *purposeful availment* prong). For example, the Cities dismiss *Doe v. American National Red Cross* as a case in which the defendant did not "engage[] in affirmative conduct" in the forum; and they claim *Doe v. Unocal Corp.* is "inapposite" because the joint venture agreement there "was not negotiated or executed in California." (Opp'n at 15-16 (also fleetingly discussing *Sullivan*, *Terracom*, and *Brackett*).) But each of these cases includes a key holding that confirms that the but-for test for specific jurisdiction embraces the long-established meaning of but-for cause. The Cities simply ignore these holdings in the hope the Court will ignore them too.

Similarly, the Cities muster barely a sentence on the Supreme Court's eleven-month-old exposition of the causal link required for specific jurisdiction, *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) (Opp'n at 15), which ignores the case's key holding: that the plaintiffs had not established specific jurisdiction over BMS in California because all of that extensive in-state business activity was not what gave rise to their injuries and claims. *Id.* at 1781 (finding no "adequate link between the State and the nonresidents' claims"). *Bristol-Myers Squibb Co.* is thus entirely in

accord with Ninth Circuit case law requiring traditional but-for causation for specific jurisdiction.[1]

### B. None Of The Cities' Authorities Exercises Or Approves Of Exercising Specific Jurisdiction Upon A Lesser Showing Than But-For Causation

In the face of this consistent Ninth Circuit case law establishing that the but-for test requires a showing of traditional but-for causation, the Cities cling to language from a few cases to the effect that the test is satisfied by "a direct nexus" between the defendant's forum contacts and the cause of action. (Opp'n at 9:10-12 & n.30.) They also contend that defamation and IP infringement decisions "demonstrate that personal jurisdiction exists where a large and harmful course of conduct extends into the forum state." (Opp'n at 11.) The Cities overstate the holdings of these cases and ignore the critical distinction between all of them and this case: in all of the Cities' cases, unlike here, the defendant's *forum conduct* was shown to be a but-for cause of the plaintiff's *forum injury*. Thus, none of the cases relaxes or dilutes the Ninth Circuit's test of traditional but-for causation.

The Cities incant "direct nexus" instead of "but for" to imply that they may satisfy the "arises out of or relates to" prong of specific jurisdiction through a lesser showing than but-for causation. The cases they cite that use the phrase do not dilute the but-for test at all, however; in fact, they all recite and apply the but-for test in circumstances where but-for causation clearly existed. In *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716 (9th Cir. 2013), for example, the plaintiffs alleged that natural gas traders had conspired to inflate prices by manipulating price indices in the forum, which "resulted in the plaintiffs paying inflated prices for natural gas" in the forum that were higher "than they otherwise would have paid if the defendants' conspiracy had not existed." *Id.* at 742-43 & n.23. Their showing plainly met the but-for cause test, which the court recognized and applied. *Id.* at 742. The Cities also cite *Fireman's Fund Insurance Co. v. National Bank of Cooperatives*, 103 F.3d 888 (9th Cir. 1996), for their "direct nexus" rule. There, liability insurers sought a declaratory judgment that they were not liable to the defendant for an arbitration award the

---

[1] The Cities slay a strawman by repeatedly claiming BP p.l.c. would put them to the task of showing that its California activities "by themselves cause[d] *all* of the Plaintiffs' injuries." (Opp'n at 9:13-14; *id.* at 1:7-8.) That is not what the motion argued or the but-for test requires. The test requires the Cities to prove that BP p.l.c.'s imputed California contacts were a *necessary* antecedent of the claimed sea-level rise injuries, not the *sole* cause. *See Doe v. Unocal Corp.*, 248 F.3d at 925 (test fails where California contacts were "not necessary to" the plaintiffs' injuries). As shown in the motion and below, the Cities have not made any such showing.

defendant had obtained in California against their California insured under a contract that included an agreement to arbitrate in California. *Id.* at 891-92. As in *Western States*, the but-for test was applied and easily satisfied, because, as the court observed, "[a]bsent [the defendant]'s California-related activities, the insurers would have no reason to pursue declaratory relief." *Id.* at 894. These cases thus confirm that, far from loosening the but-for test, the "direct nexus" required for specific jurisdiction *is* a but-for cause.

Nor do the Cities' cases involving "a large and harmful course of conduct" (Opp'n at 11) relieve them of their burden to show that BP p.l.c.'s *forum conduct* was a necessary antecedent of their claimed harm. The Cities call *Dubose v. Bristol-Myers Squibb Co.*, 2017 WL 2775034 (N.D. Cal. June 27, 2017), a case that "make[s] clear that the defendant's forum-based activities need not cause the entire harm" when the defendant's conduct is "spread across many jurisdictions." (Opp'n at 10.) This characterization of *Dubose* is puzzling, because the defendants' California conduct in that case was, and was found to be, a but-for cause of the plaintiff's injury. Specifically, the plaintiff alleged that BMS and AstraZeneca had performed inadequate clinical trials for their Saxagliptin drugs, and that "nearly every pivotal clinical trial necessary for NDA approval [of the drugs] involved studying of the . . . drugs throughout the State of California." 2017 WL 2775034, at *4. The plaintiff showed that "but for the[se] pre-NDA development" activities in California, "the drugs would not have been sold and marketed . . . nor ingested by Plaintiff," and the plaintiff would not have been injured. *Id.* Based on this showing, Judge Tigar ruled that the plaintiff had met her burden under the but-for test because her "injuries would not have occurred but for [the defendants'] contacts with California because the Saxagliptin clinical trials conducted here were part of the unbroken chain of events leading to Plaintiff's alleged injury." *Id.* at *3. In short, even if not the *sole* link in the causal chain (because clinical trials for the drugs at issue occurred in many states), the defendants' *California* clinical trials were a necessary antecedent of the plaintiff's injuries. *Id.*

The Cities are thus mistaken in suggesting *Dubose* dispenses with the requirement to show that the defendant's *California* activities were a but-for cause of the plaintiff's claimed injuries when they are part of a larger course of conduct spread across many jurisdictions. (Opp'n at 10-11.) Indeed, that suggestion runs afoul of the Supreme Court's holding in *Bristol-Myers Squibb Co.* and Judge Tigar's

ruling in *Sullivan v. Ford Motor Co.*, 2016 WL 6520174 (N.D. Cal. Nov. 3, 2016).  All three cases involve "nationwide injurious conduct" (Opp'n at 11), with the critical distinction being that only the *Dubose* plaintiff showed her injuries would not have arisen but for the defendant's conduct *in the forum* (California)—a showing the Cities have failed to make here.

The plaintiffs in the defamation and IP infringement cases the Cities rely on (*id.* at 9-11) likewise carried their burden under the but-for test because they showed that, despite similar conduct in other states, the defendants' *in-forum conduct* caused them *in-forum injuries* that gave rise to discrete causes of action that would not have arisen but for that in-forum conduct.  In *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984), for example, the plaintiff showed she suffered reputational damage in New Hampshire (the forum state) that was caused by the defendant's circulation of libelous magazines in New Hampshire.  *Id.* at 776-77.  Because the tort of libel "occur[s] wherever the offending material is circulated," and "each communication of the same defamatory matter" gives rise to a "separate and distinct" cause of action, the plaintiff's New Hampshire injuries and causes of action would not have arisen but for the defendant's circulations of libelous material that state.[2]  *Id.* at 774 n.3, 777.  The but-for test is accordingly met for those causes of action even though the defendant circulated more libelous magazines and caused greater harm outside New Hampshire.

The Cities' intellectual property cases fit the same mold:  infringing acts within the forum state caused discrete injury and gave rise to discrete causes of action that met the but-for test in their own right, regardless of any other infringing acts occurring outside the forum state.  In *Wilden Pump & Engineering Co. v. Versa-Matic Tool Inc.*, 1991 WL 280844 (C.D. Cal. July 29, 1991) (cited Opp'n at 10-11), for example, each sale by the defendant into California of a pump that infringed the plaintiff's patent caused a discrete injury and gave rise to a discrete claim for patent infringement.  *Id.* at *3-4.  Those sales supported specific jurisdiction in California even though the defendant sold far more infringing pumps in other states.  *Id.* at *4.  While the court expressed its view that the but-for test is ill-suited for cases involving multiple discrete injuries, the case is in fact "a straightforward application

---

[2] The Supreme Court distinguished *Keeton* in *Bristol-Myers Squibb Co.* on the same basis—that is, that the plaintiff in *Keeton* had shown an adequate "connection" between the defendant's conduct in New Hampshire and damage "caused within the State."  137 S. Ct. at 1782.

- 6 -

AMENDED REPLY MEMORANDUM IN SUPPORT OF BP P.L.C.'S MOTION TO DISMISS
FIRST AMENDED COMPLAINTS FOR LACK OF PERSONAL JURISDICTION
Case No. 3:17-cv-06011-WHA; Case No. 3:17-cv-06012-WHA

of the 'but for' test" because "but for the [defendant's] sales to California distributors, the plaintiff's claim as to each act of infringement related to those sales would not have arisen." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 2010 WL 4386951, at *3 (D. Nev. Oct. 29, 2010). The copyright infringement cases the Cities cite likewise involve infringement claims that would not have arisen but for the defendant's forum activities. *See Hendricks v. New Video Channel Am., LLC*, 2015 WL 3616983, at *6-7 (C.D. Cal. June 8, 2015) (defendant's conduct in California of promoting and coordinating distribution of an infringing work harmed the plaintiff's copyright in California); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1222, 1228-29 (9th Cir. 2011) (defendant's unauthorized posting of plaintiff's copyrighted photos on defendant's Web site, which was accessed by California individuals and aided the defendant's sales of California-targeted advertising, injured the plaintiff in California).

Unlike the defamation and infringement plaintiffs in these cases, who claimed each wrongful act in the forum caused separate and discrete injuries in the forum and gave rise to discrete causes of action, the Cities here do not contend that each act of producing or promoting fossil fuels, or even each defendant, caused them a separate and distinct injury. Rather, they contend that all greenhouse gas emissions from all sources *anywhere in the world* caused them a single "indivisible injury." (Opp'n at 12:15-16; FAC ¶ 140.) It is this claimed injury the Cities must show would not have arisen but for BP p.l.c.'s forum activities. They have not made that showing, as discussed in the motion and herein.

### C. The Cities May Not Loosen The Constitutionally Mandated Standard For Specific Jurisdiction—But-For Causation—By Conflating It With Broader Liability Rules

Unable to find a single governing case in which the court exercised specific jurisdiction on a showing of less than but-for causation, the Cities turn tail on jurisdiction case law to seek refuge in substantive rules of *liability* that they say apply more generous causation standards. Broad liability rules, however, cannot operate to lower the constitutional floor defined by the but-for test.

The Cities are not the first to use broad standards of substantive liability to try to pry open the due process limitations on personal jurisdiction. In response to those efforts, the Ninth Circuit has squarely held that because "[p]ersonal jurisdiction has constitutional dimensions," a plaintiff "may not use liability as a substitute for personal jurisdiction." *AT & T Co. v. Compagnie Bruxelles Lambert*, 94

F.3d 586, 590-91 (9th Cir. 1996); *accord Parnell Pharm., Inc. v. Parnell, Inc.*, 2015 WL 5728396, at *4 (N.D. Cal. Sept. 30, 2015) (plaintiffs' arguments that "pertain[ed] to liability, not personal jurisdiction . . . . will not be considered for this [personal jurisdiction] analysis"); *Langlois v. Deja Vu, Inc.*, 984 F. Supp. 1327, 1334 (W.D. Wash. 1997) (substantive rules that "paint[] as broad a liability stroke as possible" do not expand personal jurisdiction when they "knock[] heads with the United States Constitution"; the "individuals subject to liability" under such rules are "still only . . . amenable to suit in the jurisdiction where it would be 'fair' to call them into court").

Due process' supremacy over policy-driven liability rules is illustrated by *AT & T Co.* There, the plaintiff argued that jurisdiction over a foreign parent corporation was "logically satisfied" by the CERCLA rule that makes a parent substantively liable for environmental contamination caused by its subsidiary, in this case in California. 94 F.3d at 590-91 & n.8. The court rejected this logic, reasoning that "liability is not be conflated with amenability to suit in a particular forum." *Id.* at 591. Personal jurisdiction requirements do not flex to accommodate CERCLA's broad liability provisions, the court explained, even if they might "allow[] a parent corporation to avoid liability, and thus undercut[] CERCLA's sweeping purpose" to make responsible parties bear the costs of cleaning up contaminated sites. *Id.* In sum, because "[p]ersonal jurisdiction has constitutional dimensions," CERCLA's policy goals "cannot override the due process clause, the source of protection for non-resident[s]." *Id.*

The Cities ignore this settled line of cases and invite the Court to "use liability as a substitute for personal jurisdiction," *id.* at 590-91, by conflating the but-for test of jurisdiction with assertedly laxer causation standards for nuisance liability. They do this in their lengthy discussion of what they say is a "well-established causal standard applicable in multiple tortfeasor [nuisance] cases." (Opp'n at 12-15.) The Court should disregard these arguments "pertain[ing] to liability, not personal jurisdiction," *Parnell*, 2015 WL 5728396, at *4, as a thinly veiled attempt to water down due process protections with tort liability rulings that are animated by perceived policy goals. Indeed, the Cities' reference to purported rules of liability that they say can shift the burden to a defendant in special circumstances (Opp'n at 12:18 & n.44) directly contradicts the Ninth Circuit's mandate that the *plaintiff* bears the burden of satisfying the but-for test. *E.g.*, *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Most of the liability cases the Cities cite do not even apply a but-for causation test, and would accordingly dilute the due process protections of personal jurisdiction. In particular, the Cities advance a liability rule that anyone whose conduct "contributes" to a nuisance can be liable even when "the defendant's conduct by itself would not have caused the harm," and even if there are "a great many contributors." (Opp'n at 12-13.) The Cities cite three century-old water pollution cases as the origins of the claimed rule (*id.* at 13 & n.45 (citing *People v. Gold Run Ditch & Mining Co.*, 66 Cal. 155 (1884); *Woodyear v. Schaefer*, 57 Md. 1 (1881); *Lockwood Co. v. Lawrence*, 77 Me. 297 (1885))), and go on to cite later—all out-of-Circuit—cases they say follow the rule (*id.* at 13-14 & nn.46-52).

To the extent these liability cases involve causation in any form, they do not involve, apply, or define but-for causation. In any event, there is no need for the Court to settle which *liability* causation standard may apply to the Cities' claims, because the Ninth Circuit has already spoken on the standard that governs this motion.

## II.  THE CITIES HAVE NOT MET THEIR BURDEN TO SHOW BUT-FOR CAUSATION

The motion pointed out that the Cities "have not alleged, either factually or even in conclusory terms, that BP p.l.c.'s California or U.S. activities are a but-for cause of the 'global warming-induced sea level rise' they say is damaging their coastlines." (Mot. at 16.) The Cities do not disagree. Yet in their opposition, they still do not present any evidence to establish this essential jurisdictional fact.

They were required to do so. A plaintiff must "make[] a '*prima facie*' showing [of required jurisdictional facts] by producing admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction." *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 979 (N.D. Cal. 2016) (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)). Here, the Cities have not merely presented evidence that is insufficient; they have presented *no* evidence, period.

The 2014 article by Richard Heede is the only material the Cities have submitted, purportedly to show that BP p.l.c. "contributed" to their claimed injuries. The article is not evidence, however; it is inadmissible hearsay and ineffective to meet the Cities' burden.[3] *See Khasin v. R.C. Bigelow, Inc.*,

---

[3] The Cities could have submitted a declaration from Heede to support his methodology and data, but elected not to. It makes no difference that Heede's article is peer-reviewed. Hearsay rules do not turn on whether an out-of-court statement is reviewed by the speaker's colleagues. Fed. R. Evid. 801–807.

2016 WL 4502500, at *3 (N.D. Cal. Aug. 29, 2016) (citation to scientific article in summary judgment opposition constituted inadmissible hearsay).  For this reason alone, the Court can and should grant this motion because the Cities have not made a prima facie showing of but-for causation.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278-80 (11th Cir. 2009) (affirming dismissal where plaintiff failed to proffer admissible evidence in opposition to personal jurisdiction motion and instead relied on inadmissible hearsay in report).

And even if Heede's hearsay were evidence, it would be utterly deficient to carry the Cities' burden to show that BP p.l.c.'s California or U.S. activities were *necessary* to their claimed injury.  The Cities cite the article solely to "show" that BP p.l.c. "is responsible for over 2 percent [2.47%, per the article] of total atmospheric greenhouse gases . . . from industrial sources" *worldwide* since the Industrial Revolution.  (Opp'n at 6.)  The Cities do not even contend that this contribution satisfies the but-for test.  Nor could they.  If two percent is BP p.l.c.'s contribution to *worldwide* industrial emissions for all of recorded *history*, it necessarily follows from the Cities' allegations that BP p.l.c.'s purported (i) in-forum, (ii) 1975-present, (iii) tortious contribution would be a tiny sliver of that two percent, which in turn must be further reduced for plaintiffs' attribution theory about sea-level rise.  The Cities present no evidence, moreover, to show that if BP p.l.c. had reduced or halted its indirect subsidiaries' limited production activities in California or the United States as a whole, other suppliers would not have replaced that production, worldwide emissions would have decreased, and global warming and sea-level rise would have been curtailed.  Durable demand for fossil fuels suggests that scenario is implausible.  Thus, even without tailoring[4] Heede's two-percent estimate to appropriately count only emissions from in-forum, "tortious" production, the Cities have not shown that BP p.l.c.'s imputed California or U.S. production was a necessary antecedent of their claimed harm.

### III.     EXERCISING JURISDICTION OVER BP P.L.C. WOULD BE UNREASONABLE

The Cities' breezy treatment of the "reasonableness" factors (Opp'n at 18-20) fails to address the compelling reasons why exercising jurisdiction over BP p.l.c. here would be uniquely unfair, as the

---

[4] The Cities do not dispute that Heede's estimate is not limited in place or time, or that an appropriate jurisdictional analysis would assess only the impact of BP p.l.c.'s *forum* conduct during the relevant *time period*.

motion showed.  Most importantly, California has no paramount interest (vis-à-vis the other states and rest of world) in applying its own or federal common law to regulate *worldwide* fossil fuel production, especially by forcing an English parent company into calculatedly ruinous litigation.  Doing so would elevate the state's sovereignty beyond all appropriate bounds, including by paying too "little heed to the risks to international comity" at stake.  *Daimler AG v. Bauman*, 134 S. Ct. 746, 763 (2014).  These considerations, together with the reality that permitting jurisdiction on this record would subject BP p.l.c. to jurisdiction everywhere, tip the balance against jurisdiction given the "primary concern" of due process is "the burden on the defendant."  *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780.

## Conclusion

For the reasons stated herein and in the opening memorandum, BP p.l.c. respectfully requests that the Court grant this motion and dismiss the first amended complaints as against BP p.l.c. for lack of personal jurisdiction.

Dated:  June 20, 2018.              ARNOLD & PORTER KAYE SCHOLER LLP

By:   /s/ Jonathan W. Hughes
    Jonathan W. Hughes
    Matthew T. Heartney
    John D. Lombardo
    Philip H. Curtis
    Nancy Milburn

    Attorneys for Defendant BP p.l.c.