1  M. Randall Oppenheimer
   Dawn Sestito
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, California 90071-2899
   Telephone: (213) 430-6000
4  Facsimile: (213) 430-6407
   Email: roppenheimer@omm.com
5  Email: dsestito@omm.com

6  Theodore V. Wells, Jr. (pro hac vice)
   Daniel J. Toal (pro hac vice)
7  PAUL, WEISS, RIFKIND, WHARTON &
   GARRISON LLP
8  1285 Avenue of the Americas
   New York, New York 10019-6064
9  Telephone: (212) 373-3000
   Facsimile: (212) 757-3990
10 Email: twells@paulweiss.com
   Email: dtoal@paulweiss.com

11
12 *Attorneys for Defendant Exxon Mobil
   Corporation*

13 [*Additional counsel listed on signature page*]

14                  **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
15                  **SAN FRANCISCO DIVISION**

16 | CITY OF OAKLAND, a Municipal | First-Filed Case No. 3:17-cv-6011-WHA |
17 | Corporation, and THE PEOPLE OF THE | Related to Case No. 3:17-cv-6012-WHA |
   | STATE OF CALIFORNIA, acting by and | |
18 | through Oakland City Attorney BARBARA J. | **DEFENDANTS' REPLY IN FURTHER** |
   | PARKER, | **SUPPORT OF MOTION FOR ENTRY** |
19 | | **OF PARTIAL FINAL JUDGMENT** |
   | Plaintiffs, | **PURSUANT TO FED. R. CIV. P. 54(b)** |
20 | | |
21 | v. | |
22 | BP P.L.C., a public limited company of | Date:   September 22, 2022 |
   | England and Wales; CHEVRON | Time:   8:00 a.m. |
23 | CORPORATION, a Delaware corporation; | Place:   Courtroom 12 |
   | CONOCOPHILLIPS COMPANY, a Delaware | |
24 | corporation; EXXON MOBIL | |
   | CORPORATION, a New Jersey corporation, | |
25 | ROYAL DUTCH SHELL PLC, a public | |
   | limited company of England and Wales, and | |
26 | DOES 1 through 10, | |
27 | Defendants. | |
28 | | |

---

CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation, and THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the San Francisco City Attorney DENNIS J. HERRERA,

Plaintiffs,

v.

BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS COMPANY, a Delaware corporation, EXXONMOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10,

Defendants.

1

# **TABLE OF CONTENTS**

2

**Page**

3

INTRODUCTION ..................................................................................................................... 1

4

ARGUMENT ............................................................................................................................ 2

5

6

     I.     Entry of partial final judgment in favor of the Non-Resident Defendants is
consistent with the Ninth Circuit's decision in this case. ............................................ 2

7

     II.    Entry of a partial final judgment is not foreclosed by *Special Investments*. ................. 3

8

     III.   No unnecessary delay will result from entry of a partial final judgment. ..................... 5

9

CONCLUSION ......................................................................................................................... 8

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen* v. *Conagra Foods, Inc.*,
   No. 13-cv-01279, 2019 WL 5191009 (N.D. Cal. Oct. 15, 2019) ....................................................7

*BP p.l.c.* v. *Mayor & City Council of Baltimore*,
   141 S. Ct. 1532 (2021) ..................................................................................................................6

*City of Oakland* v. *BP P.L.C.*,
   969 F.3d 895 (9th Cir. 2020)..................................................................................................1, 2, 3

*Croyle* v. *Theatine Fathers, Inc.*,
   No. 19-cv-00421, 2020 WL 1452068 (D. Haw. Mar. 25, 2020) ....................................................8

*DaSilva* v. *Indiana*,
   30 F.4th 671 (7th Cir. 2022)..........................................................................................................7

*Special Investments, Inc.* v. *Aero Air, Inc.*,
   360 F.3d 989 (9th Cir. 2004).....................................................................................................2, 5

*Texaco, Inc.* v. *Ponsoldt*,
   939 F.2d 794 (9th Cir. 1991).........................................................................................................8

*Thompson* v. *Runnels*,
   705 F.3d 1089 (9th Cir. 2013)........................................................................................................6

*Tsyn* v. *Wells Fargo Advisors, LLC*,
   No. 14-cv-02552, 2016 WL 7635883 (N.D. Cal. June 27, 2016) ..................................................8

**Rules**

Fed. R. Civ. P. 54(b) ...............................................................................................................1, 5, 7

**Other Authorities**

Order re Rule 16 Scheduling Conf., *Croyle* v. *Theatine Fathers, Inc.*,
   No. 19-cv-00421 (D. Haw. Oct. 11, 2019).......................................................................................8

1

### INTRODUCTION

As the Non-Resident Defendants explained in their moving brief, entering partial final judgment in their favor pursuant to Rule 54(b) is more efficient and appropriate than vacating the Court's prior order dismissing them for lack of personal jurisdiction.  In opposition, Plaintiffs argue that entry of partial final judgment is contrary to the Ninth Circuit's ruling in this case, is foreclosed by relevant authority, and would result in needless delay.  But their argument misreads the Ninth Circuit's mandate in this case.  It misinterprets precedent.  And it relies on assumptions that are tenuous at best.

Contrary to Plaintiffs' contention, the Ninth Circuit did not limit this Court's discretion to enter partial final judgment on its prior personal jurisdiction ruling before it considers alternative bases for subject matter jurisdiction.  In fact, the Ninth Circuit did not address the Court's prior personal jurisdiction ruling at all—even though that ruling was before it on appeal—other than to note in passing that Plaintiffs are free to seek vacatur if this Court ultimately determines that remand to state court is required.  *City of Oakland* v. *BP plc*, 969 F.3d 895, 911 n.13 (9th Cir. 2020).  Plaintiffs made the issue of vacatur ripe for the Court's consideration by raising it in their renewed remand motion.  It is therefore an appropriate time for the Court to order entry of a partial final judgment to preserve its prior ruling.  This is a simple ministerial act that will not require further litigation of the personal jurisdiction issue before this Court.  Nowhere in the Ninth Circuit's opinion did the court dictate any particular course of action by this Court regarding the personal jurisdiction ruling.  Nor did it set forth any particular sequencing this Court should follow in assessing jurisdictional issues.

Plaintiffs do not, and cannot, dispute that—as the United States Supreme Court has held—a district court may exercise its discretion to address personal jurisdiction before considering whether it has subject matter jurisdiction.  That is exactly the posture here: the Court already decided it lacks

personal jurisdiction over the Non-Resident Defendants, and it need not revisit that ruling in entering

a partial final judgment.  Plaintiffs also are incorrect that the Ninth Circuit's decision in *Special*

*Investments, Inc.* v. *Aero Air, Inc.*, 360 F.3d 989 (9th Cir. 2004), forecloses entry of a partial final

judgment on the personal jurisdiction ruling here.  *Special Investments* did not involve a request for a

partial final judgment.  And in requiring vacatur there, the Ninth Circuit considered factual

circumstances not present in this case, where all claims against the Non-Resident Defendants were

disposed of in the Court's prior order.

Plaintiffs' additional argument that entry of a partial final judgment will result in needless

delay rests on a series of unfounded assumptions.  Despite Plaintiffs' contentions, it is not a foregone

conclusion that this Court lacks subject matter jurisdiction, nor must the parties relitigate the issue of

personal jurisdiction in this Court before the Ninth Circuit will consider it on appeal.  Similarly

unavailing is Plaintiffs' argument that entry of partial final judgment now would be inequitable

because of the intervening passage of time since the Court initially ruled on personal jurisdiction.

For these reasons, and those set forth in the Non-Resident Defendants' moving papers, the

Court should order entry of a partial final judgment on its prior personal jurisdiction ruling and

dismiss the Non-Resident Defendants from this case.

## ARGUMENT

### I.     Entry of partial final judgment in favor of the Non-Resident Defendants is consistent with the Ninth Circuit's decision in this case.

Plaintiffs insist that the Ninth Circuit directed this Court to address alternative grounds for

subject matter jurisdiction before taking any other action, implicitly including entry of a partial final

judgment.  But the Ninth Circuit's opinion contains no such directive on sequencing or otherwise.  In

its opinion, the Ninth Circuit directed this Court to "determine whether there was an alternative basis

for [subject matter] jurisdiction" and "[i]f there was not, the cases should be remanded to state court."

*City of Oakland*, 969 F.3d at 911.  Plaintiffs urge a tortured reading of this language, asserting that it

means that "the Court must *first* rule on the People's renewed motion to remand" and "[o]nly after that may the Court consider other issues."  Pls.' Opp. Mot. Entry of Partial Final Judgment ("Opp'n") at 4, ECF No. 413[1] (emphasis added).  But the Ninth Circuit did not dictate any particular sequencing of jurisdictional (or any other) issues by this Court following remand, much less disturb this Court's ruling that it lacks personal jurisdiction over the Non-Resident Defendants.  Indeed, the Ninth Circuit declined to reach the merits of personal jurisdiction on appeal, and merely stated that Plaintiffs are free to move to vacate that ruling if this Court determines that the case must proceed in state court. *City of Oakland*, 969 F.3d at 911 n.13.

The Ninth Circuit's opinion does not prohibit the Court from taking further action with respect to its prior personal jurisdiction ruling before reaching a decision regarding subject matter jurisdiction.  Plaintiffs seem to suggest that granting the Non-Resident Defendants' motion would entail significant additional litigation that would be improper if the Court determines that it lacks subject matter jurisdiction.  But the partial final judgment the Non-Resident Defendants seek is merely a ministerial action directing the clerk to enter a final, appealable order on the valid personal jurisdiction ruling the Court has already issued.  The Non-Resident Defendants are merely asking that the Court formalize its prior ruling by issuing final judgment.  Nothing in the Ninth Circuit's decision forecloses the Court from doing so.

**II.    Entry of a partial final judgment is not foreclosed by *Special Investments*.**

Plaintiffs do not dispute that under the Supreme Court's decision in *Ruhrgas AG* v. *Marathon Oil Co.*, a district court has discretion to decide a question of personal jurisdiction *before* determining whether it has subject matter jurisdiction.  526 U.S. 574, 588 (1999); *see also* Defs.' Mot. Entry of Partial Final Judgment ("Mot.") at 7–8, ECF No. 409.  This case is now in that procedural posture;

---

[1]    All ECF references are to *City of Oakland* v. *BP P.L.C.*, No. 3:17-cv-0611-WHA (N.D. Cal.), unless otherwise indicated.

the Court previously held that it lacks personal jurisdiction over the Non-Resident Defendants and is now poised to decide if it has subject matter jurisdiction.  Plaintiffs argue that *Ruhrgas* is inapplicable here because the personal jurisdiction issue is "far from straightforward" and the remaining subject matter jurisdiction issues are not "as difficult as they may have been initially" due to intervening decisions by the Ninth Circuit and other courts.  Opp'n at 7.  The Non-Resident Defendants dispute that personal jurisdiction is the more difficult of the jurisdictional questions because it remains necessary for the Court to consider multiple, complex arguments as to subject matter jurisdiction in adjudicating Plaintiffs' renewed remand motion.  And, in any event, the Non-Resident Defendants are *not* seeking to relitigate the issue of personal jurisdiction at this juncture.  They simply request that the Court take the additional step of entering a final judgment on the personal jurisdiction ruling it *already* issued.  As *Ruhrgas* confirms, regardless of whether the Court ultimately has subject matter jurisdiction, preserving the personal jurisdiction ruling is a valid exercise of the Court's discretion.

Plaintiffs purport to distinguish cases cited in the Non-Resident Defendants' opening brief on the ground that the district court "unquestionably" had subject matter jurisdiction in those cases, and relegate to a footnote those cases in which a district court faced dueling jurisdictional issues and applied *Ruhrgas* to consider personal jurisdiction first.  *See* Opp'n at 7–8 & n.3.  As to those cases, Plaintiffs make the cursory assertion that none of them "addressed personal jurisdiction *after* a court concluded that subject-matter jurisdiction was absent."  *Id.* at 7 n.3.  But that argument is irrelevant because this Court has not held that it lacks subject matter jurisdiction.  The Ninth Circuit rejected subject matter jurisdiction on just one of several grounds for removal asserted by the Defendants in response to Plaintiffs' first remand motion.  This Court has yet to consider the four grounds that remain at issue in opposing Plaintiffs' renewed motion.  The Court can, and should, order entry of a partial final judgment before addressing those grounds for removal.  There is no just reason to delay entry of a final order dismissing the Non-Resident Defendants, which will further the equities and

4

DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT
PURSUANT TO FED. R. CIV. P. 54(B) – NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

promote efficient judicial administration of this case.  Mot. at 5–6.  And entry of such an order is appropriate at this juncture because, given Plaintiffs' request for vacatur of the Court's prior ruling, the issue is now ripe for the Court's consideration.  *See infra* 7.

In arguing that *Special Investments* forecloses entry of a partial final judgment, Plaintiffs misread the Ninth Circuit's analysis of the "clearly erroneous" factor in its mandamus analysis.  *See* Opp'n at 6–7.  *Special Investments* did not consider entry of a partial final judgment, as the Non-Resident Defendants request here.  Moreover, the Ninth Circuit there did not conclude that the district court needed to vacate its earlier personal jurisdiction ruling because it subsequently determined that it lacked subject matter jurisdiction.  Rather, it held that the district court's earlier personal jurisdiction ruling should have been vacated because the district court declined to rule on a *second* defendant's personal jurisdiction motion, which was pending when the court found that it lacked subject matter jurisdiction.  *See Special Investments*, 360 F.3d at 994–95.  The Ninth Circuit concluded that it was "clearly erroneous" to treat these personal jurisdiction motions differently by upholding its ruling on the first, which was reached while the court lacked subject matter jurisdiction, but declining to address the second.  *See id.*  Here, there is no risk of treating the various personal jurisdiction motions inconsistently, because the Court addressed all of the Non-Resident Defendants' personal jurisdiction motions in a single order, ECF No. 287, and each of those defendants was dismissed.

## III.   No unnecessary delay will result from entry of a partial final judgment.

Plaintiffs' argument that entry of a partial final judgment will result in unnecessary delay assumes that the Court will grant their renewed remand motion, but that outcome is far from certain. The Court has not yet addressed the renewed motion, and its prior personal jurisdiction ruling remains intact.  Under Civil Rule 54(b), that ruling "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

But there is no need to revise that ruling in light of *Ford Motor Co.* v. *Montana Eighth Judicial District Court* or otherwise, because Plaintiffs' claims do not "arise out of or relate to" the Non-Resident Defendants' alleged California contacts.  141 S. Ct. 1017, 1026 (2021).  The intervening decision in *Ford Motor* does not change the outcome here, where Plaintiffs' claims are premised on "worldwide conduct" causing global climate change.  Order Granting Mots. Dismiss at 6, Dkt. 287; Mot. at 6–7.

Nor is it necessarily true, as Plaintiffs speculate, that the Ninth Circuit "would likely vacate" this Court's personal jurisdiction ruling if the Court were to enter partial final judgment without reconsidering that ruling in light of *Ford Motor*.  *See* Opp'n at 9.  Because the personal jurisdiction question is a pure issue of law, the Ninth Circuit can decide the issue itself under *Ford Motor*.  *See Thompson* v. *Runnels*, 705 F.3d 1089, 1100 (9th Cir. 2013).  The parties would not be limited on appeal to the precise arguments they made to this Court, and could address the *Ford Motor* decision in appellate briefing.  Thus, it is equally if not more likely that the Ninth Circuit would address personal jurisdiction in light of *Ford Motor*, rather than remanding for this Court to do so.

Additionally, any potential inefficiency that might result from an appeal following entry of a partial final judgment on the Court's personal jurisdiction ruling would not be as significant as Plaintiffs suggest.  If the Court were to deny Plaintiffs' renewed remand motion, the remainder of the case could proceed in this Court while any appeal is pending, or this Court could exercise its discretion to stay proceedings while the threshold question of personal jurisdiction is resolved.  If the Court were to grant Plaintiffs' renewed remand motion, Defendants will have the right to appeal the denial of federal officer jurisdiction and any other grounds denied in the same order.  *See BP p.l.c.* v. *Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1537–38, 1543 (2021).  If the Ninth Circuit

1   received two appeals addressing personal jurisdiction and subject matter jurisdiction, it could avoid

2   any potential inefficiency by consolidating those appeals.[2]

3          Finally, Plaintiffs' argument that the Non-Resident Defendants' purported delay in seeking

4   entry of a Rule 54(b) judgment weighs against entry of a partial final judgment is unfounded.  It was

5   Plaintiffs who made the issue of vacatur ripe for the Court's consideration by raising it in their

6   renewed motion to remand.  *See* Pls.' Suppl. Br. Renewed Mot. Remand at 24–25, ECF. No 405.

7   The Non-Resident Defendants appropriately moved for entry of a partial final judgment in response

8   to Plaintiffs' request for vacatur.  After all, neither Rule 54(b) nor any other rule imposes a deadline

9   by which a party must move for entry of a partial final judgment.  To the contrary, under Rule 54(b),

10  a district court retains complete power over non-final orders, and may take further action consonant

11  with equity.  *Allen* v. *Conagra Foods, Inc.*, No. 13-cv-01279, 2019 WL 5191009, at *2 (N.D. Cal.

12  Oct. 15, 2019) (citation omitted); *see also DaSilva* v. *Indiana*, 30 F.4th 671, 673–74 (7th Cir. 2022)

13  (rejecting a bright-line timing requirement as inherently incompatible with the discretionary standard

14  for entry of Rule 54(b) judgment).

15         Plaintiffs fail to demonstrate that the equities weigh against entry of a partial final judgment

16  here, and the cases they cite are inapposite.  In *Butler* v. *Daimler Trucks North America, LLC*, the

17  District of Kansas applied a more stringent standard for entering partial final judgment under Rule

18  54(b), which the Ninth Circuit has squarely rejected.  *Compare* No. 2:19-CV-2377-JAR-JPO, 2021

19  WL 492427, at *3 (D. Kan. Feb. 10, 2021) (requiring "some danger of hardship or injustice through

---

[2]  Plaintiffs opine that, where a case is not properly removed, "appellate courts should 'not reach the
     issue of personal jurisdiction [but should] leave that issue for the state court following remand.'"
     Opp'n at 10 (quoting *Cerner Middle E. Ltd* v. *Belbadi Enters. LLC*, 939 F.3d 1009, 1014 (9th Cir.
     2019) (brackets added by Plaintiffs).  But the Ninth Circuit made no such general proclamation in
     *Cerner*.  Rather, the court concluded that federal subject matter jurisdiction was lacking under the
     only removal grounds asserted and, upon reaching the conclusion that remand to state court was
     required, declined to address personal jurisdiction.  *Cerner* says nothing about whether it would be
     a proper exercise of the appellate court's discretion to address the issue of personal jurisdiction
     under different circumstances, such as those present here.

delay which would be alleviated by immediate appeal"), *with Texaco, Inc.* v. *Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (rejecting standard requiring hardship or injustice as "outdated and overly restrictive"); *see also, e.g.*, *Tsyn* v. *Wells Fargo Advisors, LLC*, No. 14-cv-02552, 2016 WL 7635883, at *2 (N.D. Cal. June 27, 2016) (applying the Ninth Circuit's "more lenient" approach).  And in *Croyle* v. *Theatine Fathers, Inc.*, No. 19-cv-00421, 2020 WL 1452068, at *2 (D. Haw. Mar. 25, 2020), the court incorrectly applied this standard and found that a three-month delay in seeking entry of a partial final judgment weighed against showing "hazards or hardships that justify" entry of a partial final judgment.  Moreover, at the time the defendant sought entry of a partial final judgment in that case, the parties were in the midst of discovery and a trial date had already been set.  *See* Order re Rule 16 Scheduling Conf., *Croyle* v. *Theatine Fathers, Inc.*, No. 19-cv-00421 (D. Haw. Oct. 11, 2019).  Any purported delay does not weigh against entry of a partial final judgment here because the case has been stayed in the interim aside from certain brief periods, and the equities have therefore not been affected by the mere passage of time.

## **CONCLUSION**

For the foregoing reasons, and those stated in their moving papers, the Non-Resident Defendants respectfully request that the Court grant their motion and issue an order directing entry of a final judgment as to all claims against Defendants BP p.l.c, ConocoPhillips, Exxon Mobil Corporation, and Shell plc (f/k/a Royal Dutch Shell plc).

8

DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT
PURSUANT TO FED. R. CIV. P. 54(B) – NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

1                                            Respectfully submitted,

2   Dated: August 30, 2022                    By: */s/ Dawn Sestito*

3                                            M. Randall Oppenheimer
Dawn Sestito
O'MELVENY & MYERS LLP

4                                            400 South Hope Street

5                                            Los Angeles, California 90071-2899
Telephone: (213) 430-6000

6                                            Facsimile: (213) 430-6407
Email: roppenheimer@omm.com

7                                            Email: dsestito@omm.com

8                                            Theodore V. Wells, Jr. (pro hac vice)
Daniel J. Toal (pro hac vice)

9                                            PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

10                                            1285 Avenue of the Americas

11                                            New York, New York 10019-6064
Telephone: (212) 373-3000

12                                            Facsimile: (212) 757-3990
Email: twells@paulweiss.com

13                                            Email: dtoal@paulweiss.com

14                                            *Attorneys for Defendant EXXON MOBIL
CORPORATION*

15

16                                            By: ***/s/ Jonathan W. Hughes*
Jonathan W. Hughes

17                                            ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor

18                                            San Francisco, California 94111-4024
Telephone: (415) 471-3100

19                                            Facsimile: (415) 471-3400
Email: jonathan.hughes@arnoldporter.com

20

21                                            Matthew T. Heartney
John D. Lombardo

22                                            ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor

23                                            Los Angeles, California 90017-5844
Telephone: (213) 243-4000

24                                            Facsimile: (213) 243-4199
E-mail: matthew.heartney@arnoldporter.com

25                                            E-mail: john.lombardo@arnoldporter.com

26

27                                            Nancy Milburn
ARNOLD & PORTER KAYE SCHOLER LLP

28                                            250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8383

9

1

Facsimile: (212) 715-1399
Email: nancy.milburn@arnoldporter.com

2

*Attorneys for Defendant BP P.L.C.*

3

4

By: **\*\*/s/ Raymond A. Cardozo*
Raymond A. Cardozo (SBN 173263)

5

T. Connor O'Carroll (SBN 312920)
REED SMITH LLP

6

101 Second Street, Suite 1800

7

San Francisco, CA 94105-3659
Telephone: (415) 543-8700

8

Facsimile: (415) 391-8269
Email: rcardozo@reedsmith.com

9

Email: cocarroll@reedsmith.com

10

Jameson R. Jones (*pro hac vice*)

11

Daniel R. Brody (*pro hac vice*)
BARTLIT BECK LLP

12

1801 Wewatta Street, Suite 1200
Denver, CO 80202

13

Telephone: (303) 592-3100
Facsimile: (303) 592-3140

14

Email: jameson.jones@bartlitbeck.com
Email: dan.brody@bartlitbeck.com

15

16

*Attorneys for Defendant CONOCOPHILLIPS*

17

By:**\*\*/s/ Gary T. Lafayette*

18

Gary T. Lafayette (SBN 88666)
LAFAYETTE KUMAGAI LLP

19

1300 Clay Street, Suite 810
Oakland, California 94612

20

Telephone: (415) 357-3600
Facsimile: (415) 357-4605

21

Email: glafayette@lkclaw.com

22

David C. Frederick (pro hac vice)

23

Daniel S. Severson (pro hac vice)
KELLOGG, HANSEN, TODD, FIGEL &

24

FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400

25

Washington, D.C. 20036
Telephone: (202) 326-7900

26

Facsimile: (202) 326-7999
Email: dfrederick@kelloghansen.com

27

Email: dseverson@kelloghansen.com

28

DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT
PURSUANT TO FED. R. CIV. P. 54(B) – NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendant SHELL PLC (F/K/A
ROYAL DUTCH SHELL PLC)*

** Pursuant to Civ. L.R. 5-1(i)(3), the electronic
signatory has obtained approval from this
signatory

DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT
PURSUANT TO FED. R. CIV. P. 54(B) – NOS. 17-CV-6011-WHA AND 17-CV-6012-WHA